Honorable Timothy W. Dore
Chapter 7
Hearing Date: April 29, 2011
Hearing Time: 9:30 a.m.
Response Date: At or before hearing

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re<br><br>ITI INTERNET SERVICES INC.,<br><br>Debtor. | No. 11-12266-TWD<br><br>JOINT MOTION FOR ORDER:<br>(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION;<br>(2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND<br>(3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED |

Movants Electrical Workers' Insurance Fund, as the Receiving Trust for the

Electrical Workers' Fringe Benefit Funds for Local Union No. 58, IBEW ("EWIF");

Sheet Metal Workers Local Union No. 80 Insurance Trust Fund, as Receiving Trust

("SMW-80"); Painters District Council No. 2, as Receiving Trust ("Painters"); and

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 1

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

BeneSys, Inc ("BeneSys), by their undersigned attorneys, state the following for their Joint Motion for Order (1) Compelling Trustee to Provide an Immediate Accounting of Movants' Trust Funds Received Post-Petition; (2) Authorizing the Trustee to Temporarily Operate Debtor's Business for the Limited Purpose of Completing Electronic Processing and Release of Movants' Trust Funds; and (3) for Other Relief Including Removal of Trustee If Warranted. This Motion is made pursuant to 11 U.S.C. §§704(a)(7), 721, 324, and Fed. R. Bankr. P. 9013.

1. ITI Internet Services, Inc. (the "Debtor") filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on March 1, 2011 (the "Petition Date"). Thereafter, Nancy James was duly appointed as the interim Chapter 7 trustee ("Trustee") by the Office of the United States Trustee on or about March 3, 2011 [Docket No. 5] and she remains the acting trustee as of the date hereof.

2. EWIF, SMW-80 and Painters are all employee benefit trust funds administered in accordance with ERISA and other applicable federal labor law. BeneSys is, among other things, a third party administrator for SMW-80 and Painters. Movants will be collectively referred to as the "Benefit Funds."

3. The Debtor is a third party processor of electronic transactions. The Debtor established a "PayByCheck" website wherein it was able to receive

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 2

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

electronically-transferred payments on behalf of others for the purpose of processing and clearing the funds so transferred. *See,* paybycheck.com.

Pursuant to an agreement separately executed with each merchant, the Debtor agreed to accept on-line payments from the merchants' customers and to transfer such payments to a financial institution for clearance of the funds. Once the funds were cleared, they would then be electronically transferred for deposit to the merchant's bank account.

4. EWIF, SMW-80 and Painters are all merchants of the Debtor. Each separately executed their own "Merchant Application" with the Debtor for its third-party processing services. *See*, Exhibits A, B and C, attached hereto (redacted for private banking information contained therein). The on-line payment service provided by the Debtor allowed the Benefit Funds' respective employers to make fringe benefit contributions on behalf of their covered employees via electronic transfer.

5. The electronic payments made by the Benefit Funds' employers were being tendered pursuant to certain collective bargaining agreements which require that the employer make contributions to various employee benefit trust funds in connection with collectively-bargained for compensation including, *inter alia,* health insurance, pension, vacation, and supplemental unemployment benefits. All payments so tendered

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 3

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

constitute trust funds as defined by ERISA and, by law, they are not property of the estate.

6. Each of the agreements between the Debtor and the Benefit Funds expressly reference that the "merchant" is a "Trust Fund" under ERISA. The Debtor was to be paid a fee for each of the transactions it processed on behalf of the Benefit Funds; however, said fees would not be deducted from the trust funds being processed. Rather, the Debtor's fees for processing the payments would be electronically deducted from EWIF, SMW-80 or Painters' bank accounts, as the case may be.

7. As of the Petition Date, all payments which the Debtor had received on behalf of the Benefit Funds through its "PayByCheck" website had been properly processed by the Debtor. However, through the action or inaction of the Trustee, the subject website remained active post-petition and the Debtor's business operations continued after the Petition Date without the prior order of this Court.

8. From March 16, 2011 to March 23, 2011, without intervention or supervision by the Trustee and yet under her watch, employers intending to make timely fringe benefit contributions to the Benefit Funds, having failed to receive notice of Debtor's Chapter 7 filing, continued to make electronic payments through the Debtor's PayByCheck website. Despite the acceptance of these electronic payments, the Debtor and/or the Trustee failed to complete the processing of these fringe benefit contributions

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 4

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

in the manner historically employed by the Debtor.  As a result, the intended beneficiaries, specifically, the respective Benefit Funds, did not, and have not, received the subject fringe benefit contributions.

9. Through the mechanism of the Debtor's PayByCheck internet service, which was still operating post-petition, fringe benefit contributions were electronically debited from the employers' individual bank accounts and were automatically transferred to Meridian Bank, to an account which is in the name of Electronic Payment Exchange ("EPX").  Upon information and belief, the Debtor retained EPX to serve as a third-party processor for the purpose of clearing the subject funds through the Automated Clearing House ("ACH") network and in accordance with the regulations of the Federal Reserve. Once the funds were cleared, EPX would then transfer them to the Debtor's merchant trust account at U.S. Bank for further transfer to merchants' accounts, including Benefit Funds' accounts.

10. In order for EPX to process the subject funds properly it had to receive certain information concerning the transactions from the Debtor.  Such information has not been provided to EPX as of the date hereof.  Therefore, the fringe benefit contributions which were made electronically by the Benefit Funds' employers for the time period of March 16, 2011 through March 23, 2011 remain unprocessed and are presently being held in EPX's merchant trust account at Meridian Bank.

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 5

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

11. The partially-processed payments referenced in paragraph 10 above total $892,943.72 in the aggregate (the "Partially Processed Payments") as follows:

    i. payments made electronically to EWIF (via PayByCheck) - $702,529.61;

    ii. payments made electronically to SMW-80 (via PayByCheck) - $49,636.37; and,

    iii. payments made electronically to Painters (via PayByCheck) - $140,943.72.

*See,* Exhibits D, E, and F, attached hereto.

12. The Partially Processed Payments constitute fringe benefit contributions which are intended to fund various employee benefit trust funds, including those for health insurance, pension and supplemental unemployment, for specific employees whose access to the benefits may be in jeopardy if his/her account is not fully and promptly funded.

13. The Debtor and the Trustee have acknowledged the handling, post-petition, of the Benefit Funds' Partially Processed Payments, in addition to other on-line payments, which together total more than $1.7 million. *See,* "Pending Settlement" report, attached hereto as Exhibit G.

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 6

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

14. The Debtor and the Trustee have, or should have, ready access to adequate records concerning the handling of the Partially Processed Payments such that the appropriate information can be provided to EPX so that the processing of the fringe benefit contribution payments can resume. Once EPX and/or Meridian Bank are fully informed as to the specific transactions which generated the amounts on deposit in connection with the Debtor's PaybyCheck service, including verification of whose funds they are holding in trust, they will be able to complete the processing of the Partially Processed Payments.

15. At the Section 341 Meeting of Creditors which was held on April 20, 2011, it was learned that prior to the breakdown of the processing of electronic payments, the Debtor's internet server, Optic Fusion, would provide daily reports to EPX, vital for the processing the funds.

16. The breakdown in the processing of the electronic payments took place post-petition, nearly two (2) weeks after the Trustee had been appointed. But for the Trustee's failure to provide to EPX an adequate accounting of the funds which were automatically deposited to its account at Meridian Bank, the Partially Processed Payments which were handled by the Debtor post-petition would have been processed by now and would have been transferred for deposit to the Benefit Funds' accounts. But for

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 7

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

the Trustee's failure to shut down the Debtor's operations in a timely manner, there would be no "partially processed payments" at all.

17. Clearly, given the instant state of affairs of the Debtor and the appointment of the Trustee, the onus now lies with the Trustee to account for the transactions which she inexcusably allowed to occur following the Petition Date. Under Chapter 7, a Debtor's business cannot operate except through the authority and supervision of the duly-appointed trustee with court approval.

18. The facts and circumstances concerning the Partially Processed Payments were brought to the attention of the Trustee by, at a minimum, the attorney for EWIF on or about March 31, 2011 and, despite the passage of nearly three (3) weeks' time, no apparent progress toward a resolution of this urgent situation has been made. Communications by the attorneys for BeneSys and Painters to the attorney for the Trustee demanding the release of the funds have also been ignored.

19. EPX has indicated that it cannot release any of the Partially Processed Payments which it is holding without authorization by the Trustee, even though both EPX and the Trustee have acknowledged that these monies are trust funds and are not property of the estate.

20. Pursuant to 11 U.S.C. § 704(a)(7), the Benefit Funds request that the Trustee immediately provide to them an accounting of the electronic payments the Debtor

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 8

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

received from the Benefit Funds' employers during the period of time of March 16, 2011 through March 23, 2011. The Benefit Funds request that such information include an identification of where these funds are currently being held, when these funds were transferred to said financial institution, and all information sufficient to permit said financial institution to complete the processing of the payments through ultimate distribution to the Benefit Funds.

21. The Benefit Funds also request that the Trustee be authorized under 11 U.S.C. § 721 to temporarily operate the Debtor's business for the limited purpose of completing the Debtor's third-party processing of the electronic payments which it received and partially processed subsequent to the Petition Date, including, but not limited to, obtaining the necessary information from Optic Fusion, the Debtor's server company, and engaging or employing any former employee of the Debtor who may be able to assist in completing the third-party processing service the Benefit Funds contracted with the Debtor to provide. At the recent Section 341 Meeting, the Debtor's assistant manager who handled payment processing, Tami Gorman, indicated a capability and willingness to assist in providing the information needed to complete the processing of the electronic payments handled by the Debtor post-petition.

22. These requested actions are clearly the responsibility of the Trustee and they must be completed forthwith in order to avoid irreparable harm. The fringe benefit

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 9

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

contributions which were made by the Benefit Funds' employers were made in reliance on the electronically-tendered payments being deposited to the Benefit Funds in a timely manner, consistent with the provisions of ERISA and other applicable labor laws. The Benefit Funds' *Ex Parte* Motion to Shorten Time, being filed simultaneously herewith, details the urgency of the situation with regard to the Partially Processed Payments. Continued refusal or failure by the Trustee to cause the release of Movants' trust funds are grounds for her removal for cause under 11 U.S.C. § 324.

WHEREFORE, the Benefit Funds respectfully request that the Court enter an order which:

(1) Compels the Trustee to immediately (within three (3) days of entry of this Court's order) provide an accounting to the Benefit Funds of the Partially Processed Payments, including information concerning the financial institution which currently holds said funds and all information relevant to said financial institution completing the processing of the subject fringe benefit contributions, as requested herein;

(2) Authorizes the Trustee to temporarily operate the Debtor's business to the extent necessary to promptly effectuate the final processing and release of the Partially Processed Payments to the Benefit Funds; and

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 10

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100

(3) Grants such other and further relief as the Court deems just and proper under the circumstances, including, but not limited to, the removal of the Trustee and reappointment of a successor trustee to take the immediate action requested herein.

DATED this 22nd day of April, 2011.

ERMAN TEICHER MILLER ZUCKER & FREEDMAN P.C.

By  */s/ Craig E. Zucker per fax 4/22/11*
    Craig E. Zucker, MI Bar No. P39907
    Dianne S. Ruhlandt, MI Bar No. P60483
    Pro Hac Vice Application Forthcoming
Lead Counsel for Electrical Workers Insurance Fund as Receiving Trust Fund for Electrical Workers Fringe Benefit Funds of Local Union #58, IBEW and for Sheet Metal Workers Local Union No. 80 Insurance Trust Fund, as the Receiving Trust

BUTZEL LONG

By  */s/ Thomas B. Radom per email 4/22/11*
    Thomas B. Radom, MI Bar No. P24631
    Pro Hac Vice Application Forthcoming
Counsel for BeneSys Inc. and Painters District Council No. 2, as Receiving Trust

CROCKER LAW GROUP PLLC

By  */s/ Tereza Simonyan*
    Shelly Crocker, WSBA #21232
    Tereza Simonyan, WSBA #41741
Local Counsel

JOINT MOTION FOR ORDER:
(1) COMPELLING TRUSTEE TO PROVIDE AN IMMEDIATE ACCOUNTING OF MOVANTS' TRUST FUNDS RECEIVED POST-PETITION; (2) AUTHORIZING TRUSTEE TO TEMPORARILY OPERATE DEBTOR'S BUSINESS FOR LIMITED PURPOSE OF COMPLETING ELECTRONIC PROCESSING AND RELEASE OF MOVANTS' TRUST FUNDS; AND (3) FOR OTHER RELIEF INCLUDING REMOVAL OF TRUSTEE IF WARRANTED - 11

**Erman Teicher Miller Zucker & Freedman P.C.**
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100