THE HONORABLE TIMOTHY W. DORE
Chapter 7

David A. Gebben, Attorney At Law
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Ph. (206) 357-8456
Fax (206) 357-8401

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In Re: | NO. 11-12266-SJS |
|---|---|
| ITI INTERNET SERVICES, INC., | TRUSTEE'S OBJECTION TO EX-PARTE MOTION TO SHORTEN TIME BY ELECTRICAL WORKERS' INSURANCE FUND, ET. AL. |
| Debtor. | |

NANCY JAMES, the Chapter 7 trustee herein ("trustee"), by and through her legal counsel, David A. Gebben, Attorney At Law, submits the following objection to the *Ex-Parte Motion To Shorten Time* that was filed earlier today by Electrical Workers' Insurance Fund, et. al. ("Movants"):

1. Movants are seeking extraordinary relief from this Court – i.e. to compel the trustee to account for what the debtor, or for what the debtor's computer system, apparently, has done – yet they also seek leave to present that motion on extremely short notice, without a reasonable opportunity for the trustee, or for other interested parties, to respond.

2. Movants have also proceeded, in violation of Local Rule 9013-1, without making any effort to notify interested parties, i.e. the trustee and other parties similarly situated to the Movants, they that want to have a motion heard on an emergency basis. In fact, the undersigned counsel was *not* notified that the Movants were planning to file a motion to shorten time until *after* that motion was already filed with this Court, and the trustee has *not* consented to Movants request to shorten time.

DECLARATION OF DAVID A. GEBBEN
UNDER BANKRUPTCY RULE 2014      -1-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

3. Movants have also not made a showing of an emergency basis for their motion because they have not shown that the trustee has control over any funds or that the trustee is holding any funds that are about to be disbursed in some way that would be prejudicial to the Movants. In fact, the trustee's investigation in this case, to date, has revealed that the debtor's Chapter 7 was filed, on an emergency basis, on 3-1-11, to stop a pre-filing garnishment that was brought against the debtor's accounts at US Bank – i.e. a so-called "Trust Account," which, it now appears, was not a trust account, and a checking account with little or no money at the time of filing. The trustee has been advised that the funds in the so-called "Trust Account" at US Bank, in the amount of approximately $580,000, were frozen in place, with an administrative hold, or were placed in a separate holding account at US Bank, at the time the writ of garnishment was served on the bank, which was on or about 2-18-11, or about two weeks prior to the debtor's Chapter 7 filing. The other account referred to in Movants motion is an account which, apparently, is operated by Phoenix Payment Systems, Inc. dba Electronic Payment Exchange ("EPX"), and the trustee has been advised that the funds in that account (which, apparently, amount to approximately $1,100,000) have also been placed on hold.

4. None of the funds that Movants are now seeking have come into the trustee's possession or have passed through the trustee's hands. Instead, it is the trustee's understanding that the accounts at US Bank are in lock-down mode, and have been since two weeks prior to the commencement of this case, which is prior to any of the transactions that are the focus of Movants' motion. It is also the trustee's understanding that the account at EPX is an account that was not owned or operated by the debtor. Nevertheless, Movants now permission to file a motion, on an emergency basis, to compel the trustee to account for those funds, which are in the hands of third parties and which the trustee has never had possession of, or control over. Movants' request is not reasonable and should not be granted.

5. One of the difficulties in this case is that the total amount of the claim(s) that have been asserted by parties who are similarly situated to the Movants herein amount to more than the combined amount of funds that been identified as being, in some way, related to the debtor's business. In addition to the Movants herein, Poulton Associates, Inc. has also claimed that approximately $96,000 was being

DECLARATION OF DAVID A. GEBBEN
UNDER BANKRUPTCY RULE 2014 -2-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

processed by the debtor, and that party has previously filed a motion for relief from stay which is set to be heard on 5-13-11. The trustee is also are of several other parties who have made similar claims. In fact, it appears that the total amount of payments-in-process, which have now been held up, amount to as much as $1,800,000, or more, and the trustee does not know, at this point, how much, if any, of that total was based on pre-filing transactions, and how much of that total was based on post-filing transactions (which were not authorized by the trustee).

6. It is the trustee's understanding that the debtor's business operated on the basis of computer software which processed payments electronically, on a pay-pal type of basis, and that system, apparently, continued to function, to an extent post-petition. The trustee has previously inquired about that system, and the trustee has been advised that the system was shut down on or about 3-25-11. The trustee did not operate that system, and the trustee did not authorize anyone to operate that system.

7. The debtor also did not list any of its payment-processing customers as creditors on its bankruptcy schedules, so the trustee has learned about these claims as these parties have contacted the trustee. The trustee is not sure, at this point, how many of the debtor's customers will be seeking to recover funds from the estate, or from other sources.

8. The Movants herein have encountered a problem and they have decided to point their collective finger(s) at the trustee. But there are several, or many, other parties similarly situated to the Movants herein, and those parties also have rights and interests which may be affected by Movants' motion. Shouldn't those parties also receive a reasonable opportunity to be heard in response to Movants' motion?

9. Given the lack of an emergency in the Movants' situation, compared to the other parties who are similarly situated, the trustee submits that Movants should be required to file their motion on regular notice, as provided for under the local rules, and they should be required to provide notice of that motion to all parties that the Movants have reason to believe are similarly situated to the position that the Movants are in. In the alternative, the trustee submits that the Movants' motion should be noted for a hearing to be held on 5-13-11, which would also be short notice, at this point, with respect to any parties

DECLARATION OF DAVID A. GEBBEN
UNDER BANKRUPTCY RULE 2014 -3-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

who will not receive notice of that motion by ecf, because that is the same day that at least two other motions in this case are presently set to be heard.

Dated this ___22nd___ day of April, 2011.

David A. Gebben, Attorney At Law

___/S/ David A. Gebben_____
David A. Gebben, WSBA # 16290
Counsel to the trustee

DECLARATION OF DAVID A. GEBBEN
UNDER BANKRUPTCY RULE 2014        -4-

**DAVID A. GEBBEN,
ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401